IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO SOCIETY FOR ACUPUNCTURE
AND ASIAN MEDICINE,

    Plaintiff,

v.                                                          No. 17-cv-0250 JCH/SMV

KINETACORE HOLDINGS, LLC, EDO ZYLSTRA,
KERI MAYWHORT, and JOHN/JANE DOE,

    Defendants,

and

KINETACORE HOLDINGS, LLC,

    Counterclaimant,

v.

NEW MEXICO SOCIETY FOR ACUPUNCTURE
AND ASIAN MEDICINE,

    Counter-defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion to Stay Discovery, filed October 27, 2017. [Doc. 47]. Defendants responded on November 8, 2017. [Doc. 53]. Plaintiff replied on November 16, 2017. [Doc. 56]. The Court heard oral argument on the motion on December 8, 2017. Having considered the briefing, oral argument, relevant portions of the record, and relevant law, and being otherwise fully advised in the premises, the Court finds the motion is well-taken and will be GRANTED.

1

## Background

On February 10, 2017, Plaintiff filed suit in state court to enjoin Defendants from conducting a training course for physical therapists on the technique of "dry needling." [Doc. 1-1]. The first training course was to take place on February 25–26, 2017. *Id.* at 1–2. The case was removed on February 21, 2017. [Doc. 1]. Shortly thereafter, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. [Doc. 10]. The Honorable Judith C. Herrera, United States District Judge, denied the motion at a hearing on February 23, 2017, and ordered the parties to show cause why the case should not be dismissed. [Docs. 17, 18]. Plaintiff indicated that it seeks to permanently enjoin Defendants from engaging in the practice of dry needling and otherwise enjoin Defendants from engaging in the practice of medicine without a license. [Doc. 21]. Defendants stated in their response to the show-cause order that they were evaluating "whether to file antitrust or business tort counterclaims," were the case to continue. [Doc. 19]. The case did continue and discovery was opened. In their Amended Answer, Defendants asserted counterclaims against Plaintiff for violation of the Sherman Antitrust Act. [Doc. 38] at 16–19. On September 22, 2017, Plaintiff filed a motion for partial summary judgment[1] on its claim for injunctive relief [Doc. 40] and a motion to dismiss the counterclaims [Doc. 39].

Plaintiff now moves to stay all discovery pending resolution of its motion to dismiss the counterclaims. [Doc. 47]. In the alternative, Plaintiff requests a stay of discovery only as to the

---

[1] Although Plaintiff has titled the motion a motion for "partial" summary judgment, Plaintiff's counsel clarified at oral argument that the motion would resolve the entirety of Plaintiff's claim for permanent injunctive relief. Counsel explained that Plaintiff called the motion a motion for "partial" summary judgment only because the motion did not address Defendants' counterclaims, which are the subject of Plaintiff's separate motion to dismiss.

counterclaims, pending resolution of the motion to dismiss. Plaintiff argues that its claim for injunctive relief turns on a single, narrow legal issue—"whether Defendants' practice of 'dry needling' falls outside the statutory scope of physical therapy, as defined by New Mexico law." *Id.* at 1. Defendants' antitrust counterclaims, on the other hand, expand the legal and factual issues—and, thus, the scope of discovery. Plaintiff contends that it is likely to prevail on its motion to dismiss under the *Noerr-Pennington* immunity doctrine, and suggests that *Noerr-Pennington* immunity is analogous to other types of immunity that merit a stay of discovery. *Id.* at 5–8. Permitting discovery before resolution of the motion, Plaintiff argues, would be unduly burdensome. *Id.* at 9–11.

In response, Defendants contend that discovery on Plaintiff's claim for injunctive relief should proceed, and thus discovery on the counterclaims should also proceed. [Doc. 53] at 5–7. Defendants argue that a motion to dismiss does not itself provide the basis for a stay of discovery, particularly where the motion would not dispose of the entirety of the case. *Id.* at 7. Moreover, *Noerr-Pennington* immunity is distinct from immunity from suit; raising *Noerr-Pennington* immunity, therefore, does not provide a basis for a stay of discovery. *Id.* at 8–10. Finally, Defendants argue that Plaintiff has failed to show that discovery on the antitrust claims would be unduly burdensome. *Id.* at 10–12.

## **Legal Standard**

Courts may impose a stay of discovery pursuant to Fed. R. Civ. P. 26(c)(1), which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See, e.g.*, *Clark v.*

3

*Dashner*, No. 14-cv-0965 KG/KK, 2015 WL 11181342, at *1 (D.N.M. Feb. 13, 2015); *Varnell v. Dora Consol. Sch. Dist.*, 12-cv-0905 JCH/GBW, 2013 WL 12155415, at *1 (D.N.M. Jan. 11, 2013). A court may also stay discovery as part of its inherent power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). The party seeking a stay bears the burden of establishing the need for it. *Clinton*, 520 U.S. at 708.

In deciding whether to stay discovery, courts may consider whether there are pending motions that would dispose of the case and whether such motions appear meritorious. *Clark*, 2015 WL 11181342, at *1; *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, 12-cv-1110 MV/KK, 2015 WL 12911729, at *2 (D.N.M. May 5, 2015). Likewise, courts may also weigh the burden of discovery on the party seeking the stay against any prejudice the stay would cause to the party opposing it. *Id.* The party opposing a stay may demonstrate prejudice by showing that it needs certain discovery to respond to dispositive motions or that discovery may be lost during the pendency of the stay. *Id.*

## Analysis

Plaintiff has shown that a stay of discovery is warranted here. Defendants note that "[d]iscovery stays are only useful and appropriate when the stay has the potential to obviate the need for discovery altogether or at least substantially limit the scope of such discovery." [Doc. 53] at 6. Resolution in Plaintiff's favor of the motion to dismiss the counterclaims would indeed narrow the scope of the case significantly and obviate the need for discovery. Defendants

4

argue that the motion to dismiss would not resolve the case and that discovery is still needed on Plaintiff's claim for injunctive relief. Because discovery on Plaintiff's claim for injunctive relief should proceed, Defendant argues, "discovery on the counterclaims should also proceed." *Id.* But Plaintiff asserts in its briefing that its claim for injunctive relief may be resolved without discovery and therefore requests a stay of all discovery here. [Doc. 47] at 3; [Doc. 56] at 1. While Defendants suggest in their response that they need discovery in order to respond to Plaintiff's motion for summary judgment,[2] they do not specify *what* discovery they need. *See* [Doc. 53] at 6. At oral argument, when questioned on the subject, counsel for Defendants asserted that discovery was needed on the subject of injuries that have resulted from dry needling. Plaintiff asserts four undisputed material facts in its motion for summary judgment:

> 1. During the February Course, in Albuquerque, New Mexico, a city located in Bernalillo County, on February 25–26, 2017, lead course instructor Defendant Maywhort inserted needles into humans.
>
> 2. Defendant Kinetacore Holdings, LLC ("Kinetacore"), through its employees and other agents, promoted and offered the February Course.
>
> 3. The February Course was held with the authorization and approval of Kinetacore Chief Executive Officer Defendant Zylstra.
>
> 4. Neither Defendant Maywhort nor any other Defendant is a licensed physician.

[Doc. 40] at 3–4 (internal citations omitted). Plaintiff's claim for injunctive relief is legal in nature, and its summary judgment motion is based on an interpretation of a New Mexico statute.

---

[2] Plaintiff filed its motion for summary judgment on October 6, 2017. [Doc. 40]. The parties have stipulated to several extensions of Defendants' time to respond to the motion. Defendants' response is currently due on December 14, 2017. [Doc. 62].

5

The facts Plaintiff asserts are necessary to resolve the summary judgment motion are unrelated to the injuries associated with the practice of dry needling. The sole example of the discovery that Defendants argue they need to respond to the motion for summary judgment, in other words, is wholly unrelated to the facts on which Plaintiff's motion rests. Defendants present no credible argument as to the necessity of discovery on the summary judgment motion. Resolution in Plaintiff's favor of the motion to dismiss, then, would obviate the need for discovery in the case. Defendants' argument to the contrary is unpersuasive.

An evaluation of the burden of discovery to Plaintiff and the potential prejudice of a stay to Defendants likewise weighs in favor of granting the stay. The introduction of the antitrust counterclaims substantially widened the legal and factual issues in the case. And, as Plaintiff points out, the discovery burdens of defending against antitrust claims are particularly heavy. [Doc. 56] at 5; *see also, e.g.*, *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 12-cv-0526 MV/GBW, [Doc. 44] at *2 (D.N.M. July 11, 2013) (staying discovery pending resolution of a motion to dismiss plaintiff's antitrust and RICO claims, and noting the "substantial and expensive discovery" associated with such claims). Defendants in this case have requested, among other things, documents including "all correspondence relating to [Plaintiff's] business" over a period of more than two years. [Doc. 47] at 9. At oral argument, Plaintiff stated that a vendor had estimated it would cost $25,000–30,000 to collect and produce the documents Defendants have requested so far. Meanwhile, although Defendants contend that an "indefinite stay" would be prejudicial to their ability to prosecute their counterclaim, they do not specify how. *See* [Doc. 53] at 11–12. Given

6

the burdens of defending against the antitrust counterclaims and potential for such claims to be resolved on Plaintiff's motion to dismiss, a stay of all discovery is warranted in this case.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Stay Discovery [Doc. 47] is **GRANTED**. All discovery is stayed in this matter pending resolution of Plaintiff's Motion to Dismiss [Doc. 39].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**