# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel*. NEW
MEXICO SOCIETY FOR ACUPUNCTURE
AND ASIAN MEDICINE,

      Plaintiff,

v.                                    No. 1:17-cv-00250 JCH/SMV

KINETACORE HOLDINGS, LLC, EDO
ZYLSTRA, KERI MAYWHORT, JOHN
AND JANE DOES,

      Defendants.

_____

KINETACORE HOLDINGS, LLC,

      Counterclaimant,

v.

NEW MEXICO SOCIETY FOR
ACUPUNCTURE AND ASIAN MEDICINE,

      Counterdefendant.

## <u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'</u>
## <u>MOTION FOR LEAVE TO FILE A RESPONSE</u>

**THIS MATTER** is before the Court on Defendants' Motion for Leave to File a

Response in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion"). [Doc.

67] After careful consideration of Plaintiff's response to the Motion [Doc. 68] and Defendants'

Reply [Doc. 69], the Court believes that the Motion is well-taken and should be granted.

## I.    BACKGROUND

Following this Court's denial of Plaintiff's request for a temporary injunction to stop the

Defendants from holding a "dry needling" acupuncture class in February 2017, [Doc. 17]

Plaintiff indicated that it intended to pursue permanent injunctive relief against Defendants on the same grounds, thereby making this case active. Believing this to be "sham litigation used as an anticompetitive weapon" [Doc. 36 at 4] to dissuade physical therapists from attending Defendants' future conferences, Defendants moved to amend their answer to add counter-claims for two counts for violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2 (2001). [Doc. 38]. Days later, on September 22, 2017, Plaintiff simultaneously moved for dismissal of Defendants' counter-claims, [Doc. 39] and also for partial summary judgment on the separate question of whether dry needling is within physical therapists' scope of practice as defined in New Mexico's Physical Therapy Act, N.M. Stat. Ann. § 61-12D-3 (1997).

The parties fully briefed Plaintiff's motion to dismiss, and that motion is awaiting this Court's decisions. Plaintiff's motion for summary judgment, however, is not fully briefed. Defendants' response to that motion was due on October 6, 2017. According to Plaintiff, Defendants sought a total of 11 extensions for time for Defendants to file a response brief. Plaintiff agreed to these extensions with the understanding that no more would be sought. After Defendants' twelfth request, Plaintiffs refused, prompting Defendants to file the current Motion. Defendants' explanation for the 11 previous extensions is that the parties were in settlement talks. Believing settlement was in sight, Defendants allowed the deadlines to pass. Plaintiff says this is a mischaracterization, and that defense counsel's health and personal issues motivated the extensions. However, Plaintiff acknowledges that the parties were in settlement talks.

Defendants have attached their response brief as an exhibit to his Motion, and ask the Court to let them file it. Plaintiff opposes the Motion for fear that the Court will rule on its motion to dismiss, since it is fully briefed, and then analyze its motion for summary judgment later. Plaintiff wants the two motions analyzed together. Allowing Defendants yet another extension increases the chance the Court will read the motions separately, Plaintiff believes,

thereby prejudicing Plaintiff. Lastly, Plaintiff contends that by filing an untimely response, Defendants have consented to grant its motion for summary judgment under the Court's local rule providing that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

The Court has reviewed the parties' 11 stipulated extensions. As Plaintiff points out, 11 is a high number. But many of these extensions were for short periods—four, five days. These short delays indicate to the Court that both parties were actively litigating the case and in settlement talks; not that Defendants were being remiss in the manner Plaintiff describes. Furthermore, the Court is not persuaded that D.N.M.LR-Civ. 7.1(b) should apply to this case. As noted by other courts in this District, "[f]ailure to respond does not relieve the court of its duty to make the specific determination required by Fed. R. Civ. P. 56(c)." *Sawyer v. USAA Ins. Co.*, 912 F. Supp. 2d 1118, 1134 (D.N.M. 2012) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002)). "[W]hen a party fails to respond to a motion for summary judgment, a district court can … grant the motion only if the motion demonstrates no genuine issue of material fact exits and the movant is entitled to judgment as a matter of law." *Id*. In conducting its review of Plaintiff's summary judgment motion, the Court benefits from a fully briefed motion. To that end, Defendants have attached a copy of their proposed response, thereby complying with their briefing obligations.

Defendants' Motion is **GRANTED**. Defendants shall separately file their response on the docket within **3 DAYS** of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**UNITED STATED DISTRICT COURT JUDGE**